IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH META PLATFORMS, INC ACCOUNT: cuzzduff THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. | Case No. __2:24-mj-510__<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Peyton Ross, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain Meta Platforms, INC. account that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a company headquartered at 1 Meta Way, Menlo Park, CA 94025.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Meta to disclose to the government copies of the information (including geolocation information) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Deputy with the United States Marshals Service (USMS) and have been since August 2021. I am currently assigned as a Deputy US Marshal to the Southern Ohio Fugitive Apprehension Strike Team (SOFAST), located in the Southern District of Ohio. I have completed over 500 hours of instruction at the United States Marshals Service National Training

Academy at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). During my employment with the USMS, I have been trained and received specific training on fugitive apprehension. While preforming my duties as a Deputy U.S. Marshal, I have been involved in many fugitive investigations involving other federal, state, and local law enforcement agencies. Additionally, I personally have been assigned as the Lead Deputy on numerous fugitive investigations that have resulted in the apprehension of a wanted person(s). Through my training, education, and experience, I have become familiar with the manner in which fugitives utilize social media accounts to aid in eluding capture.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and information published by Meta.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that Mar-Kaelon D. DUFFY-HOWARD has violated Title 18 U.S.C. § 922(g)(1) and 924(a)(8). Mar-Kaelon D. DUFFY-HOWARD committed these crimes on 2/18/2024 and is the subject of an arrest warrant issued on 5/14/2024. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Mar-Kaelon D. DUFFY-HOWARD, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## **JURISDICTION**

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. § 2703(c)(1)(A). Specifically, the Court is United States District Court for the Southern District of Ohio which is a district court

of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND CONCERNING META PLATFORMS, INC.[1]

6.      Meta Platforms, INC, is a United States company that owns and operates Meta Platforms, INC., a social media platform, and is a provider of electronic communications services and remote computing services as defined by 18 U.S.C. §§ 2711(2) and 3127(1).  Users can access Meta Platforms, INC. and register for an account, like the target account listed in Attachment A, via its website (Meta Platforms, INC..com) or via its mobile applications (Meta Platforms, INC. and Messenger). Each Meta Platforms, INC. account is assigned a unique user ID number and may also be associated with a unique user-created username.  Users can periodically change their usernames but no two users can have the same username at the same time.

7.      Meta Platforms, INC. users can create, view, share, and interact with news, images, videos, and other information and can communicate in real-time with other users through text, voice, and video messaging.  Accounts can also be used for event planning, buying and selling items, payments, gaming, fundraising, and to interact with groups, businesses, and other online platforms.

---

[1] The information in this section is based on my training and experience, and on information published by Meta on its Meta Platforms, INC. website, including, but not limited to, the following webpages: https://www.Meta Platforms, INC..com/privacy/policy ("Privacy Policy"); https://www.Meta Platforms, INC..com/about/basics/manage-your-privacy/location ("Location"); https://www.Meta Platforms, INC..com/help/278928889350358 ("How Location Settings Work"); and https://www.Meta Platforms, INC..com/help ("Help Center").

8.     Meta uses information about the location of its Meta Platforms, INC. users for business purposes and to enhance the functionality of its platform, such as to personalize and target advertisements, display local news stories, suggest nearby events, and detect suspicious account activity.  Location determinations are informed by connection records, device-based data, and user-generated information.  Examples of data used by Meta to determine a user's location include IP addresses, Global Position System ("GPS") data, "check-ins," and event responses.  Meta also uses this data to estimate the city or town where the user is situated, which Meta refers to as the user's "Primary Location."

9.     Meta Platforms, INC. collects geolocation data, which it refers to as "precise location information," from a user's device if each of the following conditions are met.  First, the Meta Platforms, INC. mobile application must be installed on the device.  Second, a user of that device must have granted "permission" through the device's operating system for the mobile application to receive and transmit location data to Meta.  Third, a user of that device must have enabled "location services" through the device's operating system.  Fourth, the mobile application must be logged into a Meta Platforms, INC. account and, if required by the permission or other settings, be in active use.

10.    This proposed search warrant seeks the historical and prospective production of geolocation information collected and retained by Meta Platforms, INC. in the normal course of business.  Meta produces geolocation data to law enforcement as datapoints consisting of a latitude, longitude, and timestamp.  According to Meta, it retains only one such datapoint for an account, with each subsequent datapoint replacing the prior.  Based on my training and experience, I know that Meta can produce that stored datapoint, which it refers to as "Last Location," and it can also produce subsequent datapoints on a rolling basis.

4

**<u>PROBABLE CAUSE</u>**

11.     The United States Government, including the United States Marshals Service, and
the Bureau of Alcohol, Tobacco, Firearms and Explosives, is investigating the violation of Title
18 U.S.C. § 922(g)(1) and 924(a)(8) by Mar-Kaelon D. DUFFY-HOWARD

12.     On or about May 14, 2024, a Federal Arrest Warrant was issued based on an
Indictment in *United States v. Mar-Kaelon D. Duffy-Howard,* Case No. 2:24-CR-82-SDM, for a
Felon in Possession of a Firearm and Felon in Possession of Ammunition.

13.     Based on the foregoing, I conclude that DUFFY-HOWARD is currently a
fugitive. Prior to the United States Marshals Service adopting the case, the United States District
Court for the Southern District of Ohio issued Arrest Warrants for DUFFY-HOWARD, charging
him with violating Title 18 U.S.C. § 922(g)(1) and 924(a)(8) being a Felon in Possession of a
Firearm and a Felon in Possession of Ammunition.  The United States Marshals Service was
contacted by the Bureau of Alcohol, Tobacco, Firearms and Explosives and believed that
DUFFY-HOWARD was currently residing in the United States, specifically the Columbus, Ohio
area but also traveling between Ohio and California on a regular basis. During the course of the
investigation, Deputy US Marshal Peyton Ross was able to locate and preserve the Meta
Platforms, INC. called: "**cuzzduff**"; with the link name **Cro** 🏹⬛  and URL:
**https://www.instagram.com/cuzzduff/**. The photographs on the "cover" photograph appear to
be a cartoon version of DUFFY-HOWARD. DUFFY-HOWARD is known to go by the name
"duff" and have this social media account under the name "Cro 🏹⬛" with pictures of
DUFFY-HOWARD. Based on my training and experience, affiant believes this Meta Platforms,
INC. is being operated by Mar-Kaelon D. DUFFY-HOWARD.

## AUTHORIZATION REQUEST

14.     Based on the forgoing, I request that the Court issue the proposed search warrant.

15.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Meta. Because the warrant will be served on Meta Platforms, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

16.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Peyton Ross
Deputy US Marshal
United States Marshals Service

Subscribed and sworn to before me on _____October 22_____, 2024

Honorable Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE